UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MICHAEL MODICA,

                Plaintiff,

  -against-

THE CITY OF NEW YORK, P.O. JAMES ROPENUS, Shield No. 9379 and P.O.s JOHN and JANE DOE #1-10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

**05 CV 9860**

**JURY TRIAL DEMANDED**

Plaintiff MICHAEL MODICA, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4.  Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff MICHAEL MODICA is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.  Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.  That at all times hereinafter mentioned, the individually named defendants P.O. JAMES ROPENUS and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.  That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## **FACTS**

13. On June 14, 2004, at approximately 10:00 a.m., plaintiff MICHAEL MODICA was lawfully present inside of a truck in the municipal parking lot located at the intersection of Delancey and Essex Streets, in the County, City and State of New York.

14. At the aforesaid time and place, defendants approached plaintiff MICHAEL MODICA and unlawfully searched the truck in which plaintiff was sitting, as well as another truck that contained plaintiff's possessions.

15. Defendants then handcuffed plaintiff MICHAEL MODICA and placed him under arrest despite defendants' knowledge that they lacked probable cause to do so.

16. Plaintiff MICHAEL MODICA was transported to the 7th Precinct of the New York City Police Department, in Manhattan, New York, where he was held and detained in police custody for approximately eight hours.

17. Plaintiff MICHAEL MODICA was then transported to Manhattan Central Booking, and from there to Rikers Island, where he was held for approximately thirty (30) days.

18. In connection with this arrest, defendants filled out false and misleading police reports and forwarded these false reports to prosecutors

19. During the period between June 15, 2004 and January 18, 2005, plaintiff MICHAEL MODICA was required to make multiple court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

20.     On or about January 18, 2005, all charges against plaintiff MICHAEL MODICA were dismissed.

21.     As a result of the foregoing, plaintiff sustained, *inter alia*, emotional distress, embarrassment, and humiliation, damage to reputation, loss of property, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

22.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "21" with the same force and effect as if fully set forth herein.

23.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

24.     All of the aforementioned acts deprived plaintiff MICHAEL MODICA of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

25.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

26.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

27.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. As a result of the aforesaid conduct by defendants, plaintiff MICHAEL MODICA was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

30. As a result of the foregoing, plaintiff MICHAEL MODICA's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**THIRD CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants misrepresented and falsified evidence before the District Attorney.

33. Defendants did not make a complete and full statement of facts to the District Attorney.

34. Defendants withheld exculpatory evidence from the District Attorney.

35. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff MICHAEL MODICA.

36. Defendants lacked probable cause to initiate criminal proceedings against plaintiff MICHAEL MODICA.

37. Defendants acted with malice in initiating criminal proceedings against plaintiff MICHAEL MODICA.

38. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff MICHAEL MODICA.

39. Defendants lacked probable cause to continue criminal proceedings against plaintiff MICHAEL MODICA.

40. Defendants acted with malice in continuing criminal proceedings against plaintiff MICHAEL MODICA.

41. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

42. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff MICHAEL MODICA's favor on or about January 18, 2005, when all charges against him were dismissed.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants issued legal process to place plaintiff MICHAEL MODICA under arrest.

45. Defendants arrested plaintiff MICHAEL MODICA in order to obtain a collateral objective outside the legitimate ends of the legal process.

46. Defendants acted with intent to do harm to plaintiff MICHAEL MODICA without excuse or justification.

47. As a result of the foregoing, plaintiff sustained, *inter alia*, emotional distress,

embarrassment, and humiliation, damage to reputation, loss of property, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "47" as if the same were more fully set forth at length herein.

49. Defendant created false evidence against plaintiff MICHAEL MODICA.

50. Defendant forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

51. Defendant misled the grand jury and the prosecutors by creating false evidence against plaintiff MICHAEL MODICA and thereafter providing false testimony throughout the criminal proceedings.

52. In creating false evidence against plaintiff MICHAEL MODICA, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendant violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

53. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS UNDER 42 U.S.C. § 1983

54.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Defendants unlawfully seized personal property and merchandise belonging to plaintiff MICHAEL MODICA and have never returned said property to him.

56.     As a result of the aforementioned conduct of defendants, plaintiff MICHAEL MODICA was deprived of his personal property and merchandise without due process of law.

## SEVENTH CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     As a result of the aforesaid conduct by defendants, plaintiff MICHAEL MODICA's property and possessions were illegally and improperly searched without any probable cause, privilege or consent.

59.     As a result of the foregoing, defendants violated plaintiff MICHAEL MODICA's constitutional rights as secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## EIGTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, the following unconstitutional practices:

   a) wrongfully stopping and detaining African-American males based on racial profiling, as documented in the Civilian Complaint Review Board's June 2001 study, entitled "Street Stop Encounter Report: An Analysis of CCRB Complaints Resulting From the New York Police Department's 'Stop & Frisk' Practices."

   b) wrongfully stopping and detaining African-American males based on racial profiling, as documented in the Office of the Attorney General of the State of New York, Civil Rights Bureau's December 1, 1999 report entitled "New York City Police Department's 'Stop & Frisk'" Practices: A Report to the People of the State of New York from the Office of the Attorney General."

   c) fabricating evidence against innocent persons erroneously arrested during narcotics bust operations;

   d) arresting innocent persons wrongfully apprehended during narcotics operations;

   e) arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

63. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MICHAEL MODICA.

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MICHAEL MODICA as alleged herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff MICHAEL MODICA as alleged herein.

66. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff MICHAEL MODICA

was unlawfully arrested and detained.

67. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MICHAEL MODICA's constitutional rights.

68. All of the foregoing acts by defendants deprived plaintiff MICHAEL MODICA of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To be free from malicious abuse of process;

    E. Not to have cruel and unusual punishment imposed upon him; and

    F. To receive equal protection under the law.

69. As a result of the foregoing, plaintiff MICHAEL MODICA is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

**WHEREFORE**, plaintiff MICHAEL MODICA demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages and two million dollars ($2,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
            November 21, 2005

                                              ROSE M. WEBER (RW 0515)
                                              225 Broadway, Suite 1608
                                              New York, NY 10007
                                              (212) 748-3355